HUGH McLEAN, plaintiff in error, vs. WILLIAM W. CLARK et al., defendants.

In a motion for a new trial, the sole ground was that the verdict was strongly and decidedly against the weight of the testimony. The evidence was very voluminous and emphatically conflicting, and was, besides, largely the testimony of the parties to the controversy, who were sworn as witnesses. This was, also, the second verdict of a jury to the same effect, under mainly the same evidence :

Held, that as the judge who tried the case has refused a new trial, this court will not interfere.

New trial. Before Judge HALL. Newton Superior Court. September Term, 1873.

This case is fully reported in 47 Georgia Reports, 24. As it turns exclusively upon the evidence it is thought unnecessary to add anything here.

J. J. FLOYD; JAMES S. HOOK, for plaintiff in error.

CLARK & PACE; C. PEEPLES; A. T. AKERMAN; A. M. SPEER, for defendants.

McCAY, Judge.

It would, in our opinion, be a violation of the oft-repeated rulings of this court to reverse this judgment. Upon the main issue, to-wit: the fraud and the putting of the plaintiff in fear, the evidence is very conflicting. McLean and his wife on one side, and Clark and Harris on the other, are most flatly and painfully discordant. Nor is there in the testimony of the two employees of McLean that fullness and accuracy and fairness, which should compel the jury to treat them as necessarily requiring a verdict for the plaintiff. Again, upon the question whether in fact there was any damage—whether the property was worth at the time and under the circumstances, any more than McLean got for it, the weight of evidence is with the defendants. But we do not deem it our duty to go in detail over the evidence in this case. The heavy pressure upon our

time forbids it.   It is enough to say that we are well satisfied this is not a case where the judge has abused his discretion in refusing to grant a new trial.

Judgment affirmed.